**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WARREN G. ROBERTS, M.D., F.A.A.N.S., an individual; ASPEN SPINE AND NEUROSURGERY CENTER, P.C., an Oregon professional corporation, | No.    15-35943 |
| | D.C. No. 3:13-cv-01136-SI |
| Plaintiffs-counter-defendants-Appellants, | |
| | MEMORANDUM* |
| v. | |
| PACIFIC SPINE SPECIALISTS, LLC, an Oregon limited liability company; TIMOTHY L. KEENAN, M.D.; ROBERT L. TATSUMI, M.D., | |
| Defendants-Appellees, | |
| LEGACY MERIDIAN PARK HOSPITAL, INC., DBA an Oregon non-profit corporation, an Oregon non-profit corporation; ANDREW B. CRAMER, Dr.; NORTHWEST NEUROSURGICAL ASSOCIATES, LLC, an Oregon limited liability company; FRANCISCO X. SOLDEVILLA, M.D., | |
| Defendants-counter-claimants-Appellees. | |

*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Argued and Submitted November 6, 2017
Portland, Oregon

Before: FERNANDEZ and W. FLETCHER, Circuit Judges, and TIGAR,[**] District Judge.

Appellants Dr. Warren Roberts and Aspen Spine and Neurosurgery Center ("Roberts") appeal the district court's order enforcing a "walkaway" settlement of the litigation without compensation to any party. Roberts contends that he revoked his lawyer's authority to settle the case on those terms before Appellees accepted the settlement offer. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

Roberts acknowledges that on October 17, 2014, he gave his attorney, Mark McDougal, authority to enter into a settlement dismissing all claims without compensation.[1] Roberts argues, however, that he revoked McDougal's settlement authority in a October 20, 2014 email stating, "I have now had a bit more time to consider case options. I would like to speak with you about case abatement. Let

---

[**] The Honorable Jon S. Tigar, United States District Judge for the Northern District of California, sitting by designation.

[1] Before the district court, Roberts contended that he had not given such authority, but he has abandoned this argument on appeal.

2

me know a good time that works for you.  Please do not dismiss case until we have a chance to discuss this."[2]

We need not decide whether the email revoked McDougal's settlement authority because Appellees were entitled to accept the offer in any event.  Roberts does not argue that any revocation or modification of the offer was communicated to Appellees before their acceptance.  At the time McDougal extended the settlement offer, he had Roberts' actual authority.  At the time Appellees accepted the offer, they had no reason to believe that McDougal had lost his authority to deal on Roberts' behalf, and they were therefore entitled to deliver their acceptances to him.  Restatement (Third) of Agency § 3.11 (2006) ("Apparent authority ends when it is not longer reasonable for the third party with whom an agent deals to believe that the agent continues to act with actual authority.").  In other words, even if McDougal's *actual* authority was terminated by the October 20, 2014 email, his *apparent* authority was unaffected.  *Id.*  All of the Appellees accepted the settlement offer before they had any indication that the offer had been withdrawn.  At that point, the parties reached a binding settlement agreement.

---

[2]  We reject Appellees' argument that this argument was not preserved for appeal.  Roberts raised the argument before the district court.

3

Roberts argues that Appellees' counsel were not entitled to assume that McDougal had Roberts' authority to receive Appellees' acceptances because Oregon law "has long placed the burden on attorneys to inquire and discern the extent of their counterparts' authority in settlement negotiations," citing *Galbraith v. Monarch Gold Dredging Co.*, 84 P.2d 1110, 1115 (1938). *Galbraith* does not help Roberts. In that case, a defendant's attorney entered into a confession of judgment in the full amount sought by the plaintiff. *Id.* at 1110-11. The court set aside the judgment on the ground that defendant had not consented to the judgment. *Id.* at 1115-16. Defendant had *never* given such consent, and plaintiff was aware that defendant not only did not consent, but actively objected to the proposed settlement. *Id.* at 1114. Here, by contrast, it is not disputed that Roberts authorized McDougal to offer a walkaway settlement to Appellees at the time the offer was made. Appellees were entitled to rely on that offer, and did so. There is no rule, located in *Galbraith* or otherwise, imposing a duty on Appellees to ascertain McDougal's authority before each subsequent communication with him.

**AFFIRMED**.